**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0663-19T2

IN THE MATTER OF THE
EXPUNGEMENT OF THE
INVOLUNTARY CIVIL
COMMITMENT RECORD
OF M.D.V.[1]

> **APPROVED FOR PUBLICATION**
> **November 9, 2020**
> **APPELLATE DIVISION**

Submitted October 7, 2020 – Decided November 09, 2020

Before Judges Alvarez, Sumners, and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3447-19.

Law Offices of Jef Henninger, attorney for appellant M.D.V. (Jef Henninger, of counsel and on the brief; Morgan Rice, on the brief).

Respondent Camden County did not file a brief.

The opinion of the court was delivered by

ALVAREZ, P.J.A.D.

---

[1]  Because the underlying dispute concerns M.D.V.'s application for expungement of his commitment records, we use initials to preserve his anonymity. Rule 1:38-3(f)(2) makes the records regarding these proceedings confidential.

On September 23, 2019, M.D.V.'s petition for the expungement of his commitment record was denied "with prejudice," nunc pro tunc to an earlier December 14, 2018 order that stated the denial was "without prejudice." We now reverse the "with prejudice" designation. Given the nature of the remedy, nothing in the statutory scheme bars multiple applications.[2]

The context for this decision can be briefly described. The framework for the expungement of a record of commitment to "any institution or facility providing mental health services" is found in N.J.S.A. 30:4-80.8 to -80.11. The Law Division judge conducted the evidentiary hearing on M.D.V.'s petition on August 10, 2018, during which petitioner and his mother testified.

M.D.V. also proffered a psychiatric evaluation—the expert, however, had not reviewed petitioner's 2004 commitment history. The judge found a "note" from a second expert to be a net opinion. After the hearing, the court allowed petitioner the opportunity to supplement the record and submit revised expert reports. Since the judge had not received any further submissions by October 24, 2018, she dismissed the matter because "the evidentiary exhibits presented were insufficient to determine that the legal standard in N.J.S.A. []

---

[2] The act does prohibit petitions "in which the defendant was found not guilty of a crime because of insanity or from a determination that the defendant was incompetent to stand trial." N.J.S.A. 30:4-80.10. That explicit limitation is not relevant to the issues addressed in this opinion.

30:4-80.9 was satisfied." Additionally, the judge determined petitioner and his mother were not credible witnesses because, among other reasons, their testimony was contradicted by the commitment records.

Petitioner then filed a reconsideration motion, explaining that a supplemental report had been prepared by the psychiatrist and timely submitted to the court. As a result, the judge vacated the dismissal and reconsidered the petition in light of the additional submission.

On December 14, 2018, the judge authored a comprehensive, cogent, and thoughtful twenty-eight-page decision on the merits, denying the unopposed petition. She reasoned, applying the statutory two-prong test found in N.J.S.A. 30:4-80.9, that petitioner's proofs did not establish he was not likely to be dangerous to public safety, or that granting him the requested relief would not run contrary to the public interest.

The judge's 2018 decision is solidly anchored in the record. She could not have granted the application because she found the psychiatric evidence was insufficient, and petitioner and his mother were incredible witnesses. See N.J.S.A. 30:4-80.9.

The statement of reasons indicated the petition was denied "with prejudice," however, the corresponding order indicated the denial was "without prejudice." M.D.V. refiled his petition on August 28, 2019, and subsequently

brought the discrepancy to the judge's attention. She issued the nunc pro tunc order now on appeal and dismissed the application a second time.

M.D.V. does not challenge the denial of his petition on the merits, nor could he, as any notice of appeal would be more than a year out of time. R. 2:4-1 ("appeals from final judgments of courts . . . shall be filed within 45 days[.]"). This opinion addresses only the propriety of the judge's decision making the denial "with prejudice."

"[M]atters of law are subject to a de novo review." Balsamides v. Protameen Chems., Inc., 160 N.J. 352, 372 (1999). "[A]n issue of statutory interpretation is a question of law." McGovern v. Rutgers, 211 N.J. 94, 108 (2012).

"When construing a statute, our primary goal is to discern the meaning and intent of the Legislature." State v. Gandhi, 201 N.J. 161, 176 (2010). "To determine that intent, 'we look first to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen.'" McGovern, 211 N.J. at 108 (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553 (2009)).

Courts may also "draw inferences" regarding the legislative intent, "based on the statute's overall structure and composition . . . ." State v. Twiggs, 233 N.J. 513, 532 (2018) (quoting State v. S.B., 230 N.J. 62, 68

(2017)). In this case, we also consider the "remedial goals" of expungement statutes that are to be liberally construed. Miah v. Ahmel, 179 N.J. 511, 525 (2004); State v. T.P.M., 189 N.J. Super. 360, 367-68 (App. Div. 1983).

N.J.S.A. 30:4-80.8 provides:

> [a]ny person who has been . . . committed to any institution or facility providing mental health services . . . may apply to the court by which such commitment was made, or to the Superior Court by verified petition setting forth the facts and praying for the relief provided for in this act.

The statute vests in the Superior Court the authority to grant relief when "the petitioner will not likely act in a manner dangerous to the public safety . . . [and] the grant of relief is not contrary to the public interest[.]" N.J.S.A. 30:4-80.9. It does not limit the number of petitions that a person seeking expungement can file.

Ordinarily, a "dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial." Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 243 (1998) (quotations omitted). In this case, the adjudication was on the merits after a bench trial, and is at first glance available for a "with prejudice" designation.

The process is derived, however, from a statutory scheme that does not expressly prohibit multiple applications. We view the omission as consistent with the statute's remedial purpose. See Ahmel, 179 N.J. at 525. By not

limiting the number of petitions that may be filed, the Legislature allowed for improvement and stabilization of a petitioner's life situation over time. This interpretation of the legislative silence on whether more than one petition may be filed dovetails with "the statute's overall structure and composition" calling for highly individualized proof. See Twiggs, 233 N.J. at 532; N.J.S.A. 30:4-80.9.

The dismissal should therefore have been "without prejudice"—which "generally indicate[s] that there has been no adjudication on the merits of the claim, and that a subsequent complaint alleging the same cause of action will not be barred simply by reason of its prior dismissal." Barow, 153 N.J. at 243 (alterations in original) (quotations omitted).

At a subsequent hearing, M.D.V. might produce more comprehensive psychiatric evidence. M.D.V. and his mother might credibly testify. These key differences could satisfy the statute. Accordingly, a future petition should not be barred simply because of the prior dismissal.

This scenario calls for a fact-sensitive analysis similar to that employed when courts rule upon petitions for the expungement of criminal convictions. See N.J.S.A. 2C:52-1 to -32. When applying that statute, which also serves a remedial purpose, trial judges must determine whether expungement advances the public interest, balancing "the risks and benefits to the public of allowing

or barring expungement" with the desires and interests of the applicant. In re Kollman, 210 N.J. 557, 574, 577 (2012). In the process, they weigh enumerated factors established by the proofs presented during the hearing. Id. at 574-77; N.J.S.A. 2C:52-9.

The fact-sensitive analysis relevant to criminal expungements parallels that applicable to a commitment expungement petition. At the hearing, a petitioner must establish his or her history of voluntary or involuntary hospitalization, recovery, treatment, reputation in the community, and present status. N.J.S.A. 30:4-80.9. A petitioner's current circumstances are the only way he or she can demonstrate "substantial[] improve[ment] or . . . substantial remission . . . ." N.J.S.A. 30:4-80.8.

It has been said that our civil commitment expungement statute aims "to eliminate any stigmas that might attach to a person who was committed to a psychiatric hospital." In re D.G., 162 N.J. Super. 404, 408 (Essex Cty. Ct. 1977). There, a trial court granted expungement to a petitioner who had been admitted for possible "schizophrenic or manic-depressive psychosis," but maintained steady employment since his discharge from the hospital, and who had no contacts with the mental health system after commitment. Id. at 405-07. D.G.'s application was granted because his return to "psychiatric

A-0663-19T2

balance and soundness of mind" indicated a "restoration which forms the spirit and policy in the statute." Id. at 409.

Although the law in this area is scant, the legislative purpose is self-evident: "to eliminate any stigmas that might attach to a person who was committed to a psychiatric hospital[,]" and to "eliminat[e] to the greatest possible extent petitioner's exposure to discrimination." Id. at 408. The plain language of the statute details the necessary proofs for the grant of a petition, and by silence on the subject, does not ban subsequent petitions should a first application fail.

Thus, we reverse the judge's order making the dismissal "with prejudice." Each expungement application, as the statute permits, should be afforded a new determination on the merits of the petitioner's situation at that time. The dismissal should have been "without prejudice."

Reversed. The court shall enter a new judgment designating the dismissal as without prejudice.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0663-19T2

8